# MANDATE

E.D.N.Y.-C.Islip
11-cr-29-6
Wexler, J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand thirteen.

Present:
  Amalya L. Kearse,
  Robert A. Katzmann,
   *Circuit Judges*,
  Jed S. Rakoff,[*]
   *District Judge*.

United States of America,

   *Appellee*,

  v.               12-1163

Fred Alesi, AKA Whiney, *et al.*,

   *Defendants,*

John Cavallo, AKA Jackie Cavallo, AKA Little John,

   *Defendant-Appellant*.

Peter J. Tomao, counsel for Defendant-Appellant, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves to dismiss this appeal, on the ground that the appeal is barred by the waiver of appellate rights contained in Defendant-Appellant's plea agreement.

---

  [*]Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

SAO-MLM

**MANDATE ISSUED ON 02/27/2013**

Upon due consideration, it is hereby ORDERED that Tomao's motion is GRANTED. It is further ORDERED that the Government's motion to dismiss is GRANTED with respect to Defendant-Appellant's appeal of his conviction and term of imprisonment. Defendant-Appellant has not demonstrated that the waiver of his appellate rights with respect to his conviction or term of imprisonment is unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Finally, the Government's motion to dismiss is construed as a motion for summary affirmance with respect to the Defendant-Appellant's appeal of the non-imprisonment components of his sentence and, as so construed, is GRANTED. *See United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004) (noting that this Court will construe a motion to dismiss as a motion for summary affirmance if the appeal presents only frivolous issues); *see also United States v. Oladimeji*, 463 F.3d 152, 156-57 (2d Cir. 2006).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit